IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GALE CORBETT HUTCHINSON, JR. #135873 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv394 *Consolidated with* CIVIL ACTION NO. 4:11cv401 *through* 4:11cv406 |
| SHERIFF, COLLIN COUNTY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner currently confined in the Collin County Detention Facility in McKinney, Texas, brings these *pro se* petitions for a writ of habeas corpus challenging his confinement pursuant to 28 U.S.C. § 2241. The petitions were referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Background

Petitioner is complaining about seven Collin County criminal proceedings that are pending against him, asserting that he is being unlawfully confined, Cause Number 380-80029-09, 380-80415-09, 380-81555-09, 380-81556-09, 380-81557-09, 380-80871-10, and 380-81794-10. In his petition with this Court, Petitioner complains that he made a statement to Collin County District Attorney authorities in violation of his 6th and 14th amendment rights. He claims that he did not read or understand the statement that he signed on the advice of his attorney. He also claims that he executed a document agreeing to probation for two years. Petitioner claims

1

that his bonds were unlawfully held insufficient. He states that, while acting as an informant for the United States government, he relied on the advice of his attorney, whom he has now discovered has perpetrated fraud upon the courts. He also states that his attorney made a statement as to his guilt, "prejudicing Petitioner's right to a fair trial." Petitioner states that he refused to give information to the Collin County Assistant District Attorney concerning the various federal investigations in which he was involved. A review of the Collin County Judicial Records website reveals that his charges there are still pending. Further, a review of the Texas Court of Criminal Appeals Records website reveals that Petitioner's two motions for leave to file an original application for a writ of habeas corpus in the Texas Court of Criminal Appeals were denied on March 30, 2011, and May 11, 2011. A denial of a motion for leave to file is not a ruling on the merits of a writ of habeas corpus. The proper procedures for pre-trial habeas corpus petitions can be found in articles 11.08, 11.10, *et seq*. Texas Code of Criminal Procedure.

## Exhaustion of State Remedies

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal

theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

Federal courts may not consider pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Furthermore, even if state procedures have been exhausted, habeas corpus relief will not be available absent "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S. Ct. 1123, 1127, 35 L. Ed.2d 443 (1973).

In the present case, Petitioner has not exhausted his state habeas court remedies. The Fifth Circuit Court of Appeals has held that in a pretrial application for a writ of habeas corpus, federal courts must abstain from the exercise of jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner. *Dickerson,* 816 F.2d at 225. Even if Petitioner had exhausted all of his state pre-trial habeas corpus remedies, relief should be denied because the claims raised by him do not constitute "special circumstances" warranting federal pre-trial habeas corpus relief. *Id.,* at 229. Consequently, the petitions should be dismissed for failure to exhaust.

## Recommendation

It is recommended that the above-styled petitions for writ of habeas corpus be denied without prejudice for failure to exhaust state habeas corpus remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may

3

serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of June, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE